## AUGUSTE RANFT

*v.*

## GUSTAV F. REIMERS *et al.*

*Opinion filed December 16, 1902.*

1. TRADE NAMES—*right of a seller to use his own name in business after sale.* The intention of the seller of a business to divest himself of the right to use his own name in the business and to transfer it to another must be clearly proved.

2. SAME—*when seller cannot be enjoined from using name in new business.* In the absence of any agreement by the seller of a business not to re-engage in the business or use the same name, which consists, in part, of her own name, the purchaser, who has changed the name of the business, cannot enjoin the seller from using the old name upon her re-engaging in the business.

3. GOOD WILL—*what a violation of a warranty of good will.* If a seller conveys and warrants the good will of the business, she may be enjoined from soliciting her old customers to deal with her upon re-engaging in the same business, and from appropriating the same telephone number as that used in the business sold, and by which a large part of the orders had been received.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

E. MEERS, and C. W. BROWN, for appellant:

The sale of the good will of a business does not carry with it the right to continue the use of the proprietor's

name. *Howe* v. *Searing,* 6 Bosw. 354; *Reeves* v. *Denicke,* 12 Abb. Pr. 92.

A name alone is not a trade-mark when it is applied to designate, not the article of a particular maker or seller, but the kind and description of the thing which is being sold.    8 L. R. A. 570.

Generic or descriptive words cannot be appropriated as trade-marks, any more than common or true names. *Canal Co.* v. *Clark,* 13 Wall. 311; *Burton* v. *Stratton,* 12 Fed. Rep. 700; *Colgan* v. *Danheiser,* 35 id. 150; *Chemical Works* v. *Muth,* 35 id. 524; *Clothworthy* v. *Schepp,* 42 id. 62.

Words designating a trade, indicating that a particular class of goods is dealt in, cannot be exclusively appropriated by one as a trade-mark or trade name.  *Bolander* v. *Peterson,* 136 Ill. 215.

In the absence of any fraudulent or wrongful intention or act, or any contract to prohibit it, every natural person has the absolute right to use his own name in his own business. *Meneely* v. *Meneely,* 62 N. Y. 427; *Elgin Butter Co.* v. *Creamery Co.* 155 Ill. 137.

Competition, when conducted fairly and with no intent to deceive, gives no ground for complaint.   It is to be encouraged, rather than condemned, when it is not shown that there was an attempt to palm off goods as being of the appellee's manufacture.    *Hazelton Boiler Co.* v. *Tripod Boiler Co.* 142 Ill. 509.

DONAHOE & MCNAUGHTON, for appellees:

It is not necessary, in order to give a right to an injunction, that a specific trade-mark should be infringed, but it is sufficient that the court is satisfied that there is an intent on the part of the defendant to palm off her goods as the goods of the complainants. *McLean* v. *Fleming,* 96 U. S. 245; *Woolam* v. *Ratcliffe,* 1 Hen. & N. 259; *International Committee* v. *Y. W. C. A.* 194 Ill. 200.

If any words or numbers are used to deceive the public as to the brand of goods sold, the court will interfere

to protect the public, even if the person asking it has not the exclusive right to use them. *Lee* v. *Haley*, 5 L. R. Ch. App. 155; *Wotherspoon* v. *Currie*, 5 L. R. Eng. & Ir. App. 508.

The right of a person to the free use of his own name in his business can be exercised only in the absence of fraudulent or wrongful intentions or acts calculated to operate to the injury of another. If the effect of the use of one's own name in the prosecution of a business is such as will appropriate the good will of a business belonging to another person, then a court of chancery will enjoin one from using even his own name. *Allegretti* v. *Chocolate Co.* 177 Ill. 129; *Croft* v. *Day*, 7 Beav. 84; *Metzler* v. *Wood*, L. R. 8 Ch. Div. 606; *Fallwood* v. *Fallwood*, L. R. 9 Ch. Div. 176; *Levy* v. *Walker*, L. R. 10 Ch. Div. 436; *Massam* v. *Thorley*, L. R. 14 Ch. Div. 748; *Devlin* v. *Devlin*, 69 N. Y. 212; *McLean* v. *Fleming*, 96 U. S. 245; *Filkins* v. *Blackman*, 13 Blatchf. 440; *Shaver* v. *Shaver*, 54 Iowa, 208; *Stonebraker* v. *Stonebraker*, 33 Md. 252; *Churton* v. *Douglas*, 1 Johns. (Eng.) Ch. 174.

The gist of the wrong is the fraud in inducing a purchaser to believe that he is buying the goods of one manufacturer when in fact he is buying the goods of another. If a fraudulent intent is shown, then it is not necessary to show that any purchaser has in fact been misled. *Flour Mills Co.* v. *Eagle*, 86 Fed. Rep. 608; *Pillsbury* v. *Flour Mills Co.* 64 id. 841.

The good will of a partnership may be defined as every possible advantage acquired by a firm in carrying on its business, whether connected with premises or name, or other matter. *Farwell* v. *Huling*, 132 Ill. 112.

Any conduct on the part of the vendor of a good will calculated to impair that advantage is a breach of the promise, implied in sales of every description, that the vendor will not disturb the vendee in the enjoyment of his purchase. *Hall's Appeal*, 60 Pa. St. 458; *Hogg* v. *Kirby*, 8 Ves. 214; *Cruttwell* v. *Lye*, 17 id. 335; *Knoedler* v. *Bonssod*, 47 Fed. Rep. 465; *Churton* v. *Douglas*, 1 Johns. (Eng.) Ch. 174.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

From the year 1885 until his death, in 1891, John Ranft conducted a business of manufacturing and selling ginger ale, orange cider, lemon sour, and other like drinks and bottling beer, under the name of "Ranft Bottling Works," at No. 229 North Bluff street, in Joliet. Upon his death he left as his successor in the business his widow, Auguste Ranft, the appellant, who conducted the business from that time under the name of "A. Ranft Bottling Works." She was the sole proprietor of the business up to July 1, 1900. The trade name "A. Ranft Bottling Works," together with the letters "A. R." and the words "Trademark," were blown in the bottles used by her, and the bill-heads, stationery and wagons were marked "A. Ranft Bottling House" or "A. Ranft Bottling Works, Mrs. A. Ranft, Proprietor." On July 1, 1900, Gustav Reimers, one of the appellees and brother of appellant, bought a one-half interest in the business, and they conducted it under the partnership name of "A. Ranft & Co.," but the marks on the bottles, stationery and wagons remained the same. On July 15, 1901, the appellee Reimers sold out his interest to appellant and the partnership was dissolved. After the dissolution appellant prosecuted the business under the same name and in the same manner as before the partnership. She leased the premises where the business was carried on, and in the latter part of July, 1901, appellees, who had formed a partnership to go into the same business, purchased the premises, and called upon appellant to see if she would sell the machinery, property and business to them. The negotiations resulted in an agreement by which she was to sell the property and business to them for $6000 at the end of the month of August. In pursuance of that understanding appellant executed a bill of sale to appellees on August 31, 1901, of the following property: "All property and machinery now used in connection with the manufacture and bot-

tling of pop, beer, etc., at the premises known as No. 229 North Bluff street, in the city of Joliet, Illinois, including about three hundred cases of pop bottles, fifty cases quart bottles, thirty cases siphon bottles, (including all cases,) six horses, four wagons, one top buggy, two sets double harness, four sets single harness, two bob-sleds, one safe, one desk, a lot of extracts, all tools in barn used in connection with said manufactory, as well as the trade, good will and business of said party of the first part at said described premises." The property was delivered, and from that time appellees carried on the business. They changed the sign over the door to read "Reimers & Voitik Bottling House." They used the old bottles and wagons with the former name on them, but as they purchased new bottles they put on the words "Reimers & Voitik Bottling Works, Joliet, Ill.," and the initials "R. V." and "Trade-mark." Shortly afterward appellant set up the same kind of business at No. 117 North Bluff street, about six hundred feet from the former location. The business sold to appellees had been largely done through mail and telephone orders, and the telephone used in the premises was No. 1343. Appellant directed the telephone company to install on her premises said telephone No. 1343, and she directed the mail for the Ranft Bottling Works to be delivered to her. She procured bottles with the words "Ranft Bottling Works" and the letters "A. R." in the form of a monogram and "Trade-mark" blown in them, and on her wagons she placed the sign "A. Ranft Bottling Works, Telephone 1343." Appellees thereupon filed the bill in this case in the circuit court of Will county, praying for an injunction against appellant from using the trade name "Ranft Bottling Works," or any similar name, or the trade-mark "A. R.," in connection with her business; also from using the telephone number 1343, or receiving mail matter addressed to "Ranft Bottling Works," or soliciting trade and custom of those who were customers and patrons.

of the business at the time of the sale. The bill was answered, and upon a hearing the court granted the relief prayed for, except as to the receipt of mail addressed to "Ranft Bottling Works." An appeal was taken to the Appellate Court for the Second District, and one of the justices of that court having heard the case in the circuit court, and the others being divided in opinion, the decree was affirmed by operation of law.

It has been held that the right of a man to use his own name in connection with his own business is so fundamental that the intention to entirely divest himself of such right and transfer it to another will not readily be presumed but must be clearly shown. Where it is so shown the transaction will be upheld, but it will not be sustained upon doubtful or uncertain proof. (*Hazelton Boiler Co.* v. *Hazelton Tripod Boiler Co.* 142 Ill. 494.) In this case there was no agreement that complainants should have the right to use the name of the defendant or the name in which the business was carried on, or that she should not use it. She testified, and it was not contradicted, that in selling complainants the bottles, cases and wagons she agreed that they might keep the then existing names on them, but when they bought new ones or when the wagons were painted they should not put the names on again. Furthermore, complainants did not assume the name which they sought to enjoin defendant from using, but substituted their own. They changed the sign on the building, and as they bought new bottles put on the new name and initials. Their counsel now say that they never insisted upon the right to use the name of the appellant. They do not claim that they acquired any right to its use under the contract. When the defendant established her new business under the name of "A. Ranft Bottling Works" complainants had changed the name of their business, and she had never divested herself of the right to use her name nor transferred it to them. There was no agreement on the part of defend-

ant that she would not again engage in the business in Joliet, or elsewhere. After the agreement for the purchase was made, and before the bill of sale was executed, complainants heard some rumor that she was intending to again engage in business, and they testified that they conferred with her about it, and she told them that she was tired of the business and wanted to get out of it and had no intention of resuming it. She denied that she had any such conversation with them, but they all testified that complainants asked defendant to sign an agreement that she would not go into the business again, and she would not give them any answer. No agreement of that kind was made or signed, and the bill of sale was subsequently executed without any stipulation of that character. In fact, it is not claimed that defendant was in any manner prohibited from re-engaging in the same business in Joliet or that complainants had any right to restrain her from doing so, and the bill did not ask for an injunction against her conducting a new business at No. 117 North Bluff street, but only to prevent her from using the name "A. Ranft Bottling Works" or "Ranft Bottling Works" in such business. If the complainants have any right to any relief in this suit it rests wholly upon the purchase of certain specific articles of personal property with the name "A. Ranft Bottling Works" on them, together with the good will of the business carried on at No. 229 North Bluff street. It is not contended that the mere sale of the property and good will, without any agreement to not resume the same business, would prevent the defendant from again establishing the same business in Joliet,—and this is in accordance with the authorities. That being so, and there being no agreement that the defendant should not use her own name, we think, under the authority of *Hazelton Boiler Co.* v. *Hazelton Tripod Boiler Co. supra*, complainants had no right to an injunction against the use of the name or the words in question. Defendant had a right to the use of it and

complainants had changed the name of their business, so that there was no wrong in her directing the mail for "Ranft Bottling Works" to be delivered to her. There was no artifice or deception used by the defendant to mislead the public into the supposition that she was continuing the same business which she had sold to complainants, and there was no concealment of the fact that she was established in a new location. So far as the mail is concerned, there was no attempt to deceive or defraud the public by obtaining letters or trade intended for the complainants.

The business had been carried on for many years at No. 229 North Bluff street and was well established in that location. The place had a good trade, and the good will was a large part of the consideration for the purchase. The visible property was probably not worth half the purchase price. The defendant covenanted to warrant and defend the property sold to complainants, together with this good will, and it was charged and proved that she had interfered with such good will by canvassing among those who were customers of the business when she sold it and soliciting their trade, with the purpose and effect of largely destroying the value of that which she had sold for a valuable consideration. In England it seems to be settled that the vendor of a good will is not entitled to canvass customers and solicit them not to deal with the purchaser but to deal with the vendor. (*Trego* v. *Hunt*, A. C. 7.) The vendor will be restrained from such conduct by injunction. In this country the authorities are not agreed. In some States it is held that the purchase of a good will does not carry with it any obligation not to lessen its value by interference with it unless there is an express agreement to that effect, provided the vendor does not hold himself out to the public as continuing the business which he has sold. In these States the seller may set up the same business in the same vicinity and canvass the customers of the

house, with the effect of destroying the good will. The English view, which we are inclined to regard as the more just and equitable, is adopted by other authorities. (*Meyers* v. *Kalamazoo Buggy Co.* 54 Mich. 215; *Newark Coal Co.* v. *Spangler*, 54 N. J. Eq. 354.) We do not think that the defendant ought to be allowed, after selling and warranting a good will to the complainants, to purposely endeavor to prevent their receiving the benefit of it or to attempt to disturb them in its enjoyment. The locality chosen by her was not near enough to have that effect, but to canvass old customers of the firm and endeavor to dissuade them from continuing to deal with complainants was a direct interference with the property which defendant sold, with the purpose of destroying it and preventing complainants having the benefit and advantage of it. The attempt to appropriate the telephone number which had been used in the business sold and by which a large part of the orders had been accustomed to come was of the same character.

We conclude that the decree was too broad in restraining the defendant from the use of the name "A. Ranft Bottling Works" or "Ranft Bottling Works," but that it was justified as to the attempt to appropriate the telephone and telephone number, and as to soliciting trade and custom of the patrons and customers of the business sold by her to the complainants at the time of the sale.

The judgment of the Appellate Court and the decree of the circuit court are therefore reversed so far as relates to the use of said name or words, and the judgment of the Appellate Court is affirmed in all other respects. The cause is remanded to the circuit court. Appellant and appellees will each pay one-half of the costs of the appeal.        *Affirmed in part and reversed in part.*