## LEWIS T. FOSS & another *vs.* FRED F. ROBY.

Suffolk.    January 15, 1907. — May 14, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Assignment.   Sale.   Good Will.   Contract,* Validity, Construction.   *Dentist.*
*Equity Pleading and Practice,* Injunction, Damages.

A sale and conveyance by the trustee in bankruptcy of a dentist, who had pur-
chased from a former partner and owned at the time of his bankruptcy the good
will of the practice of the former partnership, of "all the interest which " the
bankrupt "may have in any right of action or any contractual rights against
any one at the time of bankruptcy " includes and conveys such good will.

Where one of two partners engaged in the practice of dentistry, having an estab-
lished practice carried on at an office in a certain city, in consideration of the
payment of a sum of money sells to his copartner by a bill of sale in writing his
half interest in the fixtures, office furniture and other personal property owned
by the partners and used by the partnership "in carrying on the dental business "
in the office named "together with the good will of said business," without any
express agreement on the part of the seller to refrain from competition, the sale
of the good will includes an implied agreement by the seller not to practise den-
tistry so as to injure the business he has sold.

In a sale for a sum of money by one of two partners to the other of the good will
of a practice in dentistry established at an office in a certain city, the implied
promise of the seller not to compete in the practice of dentistry within a re-
stricted area is not invalid because unlimited in time.

In a suit in equity by a dentist against his former partner in carrying on the practice
of dentistry at an office in a certain city, who had sold his half interest in the good
will of the business to the plaintiff for a sum of money, to restrain him from violat-
ing his implied contract not to practise dentistry so as to injure the business he
had sold, if it appears that, although the former partnership business was carried
on wholly at the office in the city, it was not derived wholly from that city but
included patients who came to the office from other cities and towns, and that
the defendant opened a competing office for the practice of dentistry in the city
in which the office of the former partnership was established, sent out printed
circulars to former patients of the old firm and solicited their custom, that he
thus obtained many of the patients of the old firm and that his business consisted
substantially of this patronage, the plaintiff is protected sufficiently by an in-
junction restraining the defendant from practising dentistry within the limits of
the city, and, unless some reason for doing so is shown affirmatively, it is not
necessary to. enjoin the defendant from practising dentistry anywhere in the
entire area within which former patients resided.  The plaintiff in such a case is
entitled, in addition to his injunction, to a decree for such money damages as he
has sustained from the defendant's breach of contract.

BILL IN EQUITY, filed in the Superior Court on October 6,
1903, by Lewis T. Foss and Elmer J. Marston, copartners

under the firm name of Foss and Marston, engaged in the practice of dentistry at 101 Tremont Street in Boston, against Fred F. Roby, a former partner of the plaintiff Foss, who together with the plaintiff Foss formerly practised dentistry in Boston and its vicinity under the firm name of Foss and Roby at an office at 132 Court Street in Boston, and who on December 1, 1900, by a bill of sale in writing sold to the plaintiff Foss for the sum of $2,500 all his interest in the partnership property and in the good will of the dental business carried on by the firm, to enjoin the defendant from practising the business of dentistry in Boston and its vicinity when such practice would injure the good will of the business formerly of Foss and Roby sold by the defendant to the plaintiff Foss; praying also that an account might be taken of all damages suffered by the plaintiffs by reason of the defendant's solicitation of the patronage and business of the former patients and patrons of the plaintiffs and of the plaintiff Foss, and by reason of the defendant's unlawful interference between such patients and patrons and the plaintiffs, and by reason of any other injury done by the defendant to the good will of the business sold by him to the plaintiff Foss; and that the defendant might be ordered to pay to the plaintiffs such sum of money as might be found to be due to the plaintiffs by reason of such solicitation, interference and injury ; and for further relief.

The agreement of dissolution of partnership between the plaintiff Foss and the defendant, a copy of which was annexed to the bill, began as follows :

" Know all men by these presents, that

" Whereas, Lewis T. Foss formerly of Boston, county of Suffolk and Commonwealth of Massachusetts, but now of West Somerville, county of Middlesex and Commonwealth aforesaid, and Fred F. Roby of said Boston, have heretofore carried on the dental business at 132 Court Street in said Boston, as copartners, under the firm name and style of Foss and Roby ; and —

" Whereas, said copartners have this day dissolved their said copartnership by mutual consent; and —

" Whereas, said Fred F. Roby has this day conveyed to said Lewis T. Foss his entire right, title and interest in the furniture,

fixtures, machinery, tools, stock, books of account, registers, accounts, good will and other property of said copartnership;

"Now therefore, it is hereby mutually covenanted and agreed by and between the said parties hereto, as follows: —

"(1) Said Lewis T. Foss is to have the right to continue said dental business, in his own name and for his sole benefit, profit and advantage, as successor to the said firm of Foss and Roby; but is not authorized to use the name of Foss and Roby in any other way except as hereinafter provided."

The bill of sale, of which a copy was annexed to the bill, was as follows:

"Know all men by these presents that I Fred F. Roby of Boston, county of Suffolk and Commonwealth of Massachusetts in consideration of Twenty-five Hundred (2500) Dollars paid by Lewis T. Foss of West Somerville, county of Middlesex and Commonwealth aforesaid the receipt whereof is hereby acknowledged, do hereby grant, sell, transfer, and deliver unto the said Lewis T. Foss the following goods and chattels, namely, All my right, title and interest in and to six (6) dental chairs, four (4) dental engines, four (4) dental lathes, two (2) stoves, one (1) 'Diebold' safe, a quantity of extracting forceps and laboratory tools, office furniture, fixtures, carpets, pictures, tools, implements, books of account, registers, accounts and stock, both manufactured and unmanufactured, and all other matters and things not specifically enumerated or mentioned, contained in the building numbered one hundred and thirty-two (132) on Court street in said Boston, and heretofore owned by myself and the grantee as copartners and used by said copartnership in carrying on the dental business in said premises under the firm name and style of Foss and Roby; together with the good will of said business.

"To have and to hold all and singular the said goods and chattels to the said Lewis T. Foss and his executors, administrators, and assigns, to their own use and behoof forever.

"And I hereby covenant with the grantee that I am the lawful owner of the said goods and chattels; that they are free from all incumbrances, that I have good right to sell the same as aforesaid; and that I will warrant and defend the same against the lawful claims and demands of all persons,

"In witness whereof I the said Fred F. Roby hereunto set my

hand and seal this First day of December in the year one thousand nine hundred.

[25 cent Internal Revenue Stamp.].

" Signed, sealed, and delivered in presence of

" Fred F. Roby    (Seal.)

Lewis T. Foss."

The fourth paragraph of the bill, referred to at the beginning of the opinion, was as follows:

" 4.  On or about February 20, 1903, the said Foss was duly adjudged a bankrupt by the U. S. District Court for the District of Massachusetts, and William C. Rogers of said Boston was subsequently duly appointed trustee of his estate in bankruptcy; and as such trustee on May 15, 1903, said Rogers sold and conveyed to Frederick L. Briggs of said Boston ' all the interest which said Foss may have in any right of action or any contractual rights against any one at the time of bankruptcy,' together with certain other property, as appears by the bill of sale, a copy of which is annexed marked ' D,' and said Briggs on the same date sold and conveyed the same to the said Foss, who at once contributed and conveyed the same to said copartnership.  The said Foss & Marston now are and ever since said May 9, 1902, have been copartners as aforesaid, excepting only such momentary interruption of the continuance of the copartnership as may have resulted by operation of law from the bankruptcy of said Foss, said partners upon such adjudication having immediately renewed the copartnership relations which may have been so interrupted."

In the Superior Court the case was heard by *Hardy*, J., who found that certain allegations contained in the bill, including those in the fourth paragraph of the bill, were sustained by the evidence.  He also found that the tools, implements and office furniture conveyed by the bill of sale did not exceed in value $500; that the defendant on or about April 1, 1903, opened an office at No. 88 Boylston Street for the practice of dentistry and was continuing and intended to continue such practice in Boston and its vicinity; that he had sent out circular letters to the former patients and patrons of Foss and Roby in Boston and its vicinity; that such patients and patrons were mostly regular customers of Foss and Roby; that there were very few transient

patrons, not exceeding ten per cent of the whole number; and that such patrons and patients were to be found within a radius of sixty miles from Boston.

The judge made a final decree that the bill be dismissed, with costs to the defendant; and the plaintiffs appealed.

*C. P. Weston*, for the plaintiffs.

*F. H. Williams*, for the defendant.

BRALEY, J. The title of the plaintiffs to maintain their bill, although questioned by the defendant, is not affected by the intervening bankruptcy of Foss, for by the conveyances described in the fourth paragraph of the bill the firm has become vested with his interest. *Lothrop Publishing Co.* v. *Lothrop, Lee & Shepard Co.* 191 Mass. 353. *Jenkins* v. *Eliot*, 192 Mass. 474.

The evidence taken by a commissioner not having been reported, the case is before us on the pleadings, the interrogatories and answers, and the findings of fact. It appears that the plaintiff Foss and the defendant were partners engaged in the practice of dentistry at 132 Court Street in the city of Boston, and, upon a dissolution of the firm, the defendant sold to the plaintiff Foss his interest in the office furniture and dental equipment with the good will of the business. The plaintiff Foss having formed subsequently a partnership with the plaintiff Marston, to whom he conveyed a half interest in the personal property, including the good will, they carried on business at 101 Tremont Street. After the lapse of about three years, the defendant opened an office at 88 Boylston Street, where he has since carried on the practice of his profession. By solicitation, he has obtained many of the patients of the old firm, and his business substantially consists of this patronage. The important questions for decision are, whether the defendant is precluded by his agreement from setting up a competing business, and the measure of relief to which the plaintiffs are entitled. By the contract of sale, while the defendant explicitly conveyed his interest in the good will, he did not expressly covenant to refrain from competition either as to time or territory. But the sale being of an established practice, described in the instrument as " the dental business " then carried on at " Court Street in said Boston," it was implied, even if not expressed, that thereafter the defendant would

so practise his profession as not to injure and perhaps destroy the business he had sold. *Dwight* v. *Hamilton*, 113 Mass. 175. *Munsey* v. *Butterfield*, 133 Mass. 492.

In a mercantile partnership the sale of the good will conveys an interest in a commercial business, the trade of which may be largely, if not wholly, dependent upon locality, and the right which the vendee acquires under such a purchase is the chance of being able to retain the trade connected with the business where it has been conducted. *Bassett* v. *Percival*, 5 Allen, 345. *Hoxie* v. *Chaney*, 143 Mass. 592. *Webster* v. *Webster*, 180 Mass. 310, 316. *Hutchinson* v. *Nay*, 187 Mass. 262. *Trego* v. *Hunt*, [1896] A. C. 7. But in a partnership for the practice of dentistry, the personal qualities of integrity, professional skill and ability attach to and follow the person not the place. *Dwight* v. *Hamilton*, *ubi supra*. *Austen* v. *Boys*, 2 DeG. & J. 626. See *Smale* v. *Graves*, 19 L. J. Ch. 157; *Palmer* v. *Mallett*, 36 Ch. D. 411.

The object to be obtained was the protection of the vendee, and the agreement is to be construed as if the defendant had expressly covenanted to render the old practice secure by not competing himself under conditions by which it might either be impaired or destroyed. If this were permitted, then, while retaining the consideration, the defendant also might deprive the plaintiffs of the benefit of their purchase by regaining the customers. Neither is the agreement, under this construction, invalid because unlimited in time, for the consideration paid must be treated as having been accepted by the defendant as a full equivalent for a release of his right to compete within a restricted area, if by such competition the good will sold was or might be rendered insecure. *Dwight* v. *Hamilton*, *ubi supra*. *French* v. *Parker*, 16 R. I. 219. *Bunn* v. *Guy*, 4 East, 190. Nor is any principle of public policy violated by unduly restricting lawful competition. *Gilman* v. *Dwight*, 13 Gray, 356. *McClurg's appeal*, 58 Penn. St. 51. *Whittaker* v. *Howe*, 3 Beav. 383. See *Rousillon* v. *Rousillon*, 14 Ch. D. 351; *Underwood* v. *Barker*, [1899] 1 Ch. 300.

Upon resuming practice the defendant sent out printed circulars to former patients, giving the name of the old firm, with the street and number, and announced, that, having opened

an office in the city, he solicited their custom. By this scheme of advertising he sought to regain the good will with which he had parted, and, his efforts having been successful, the defendant has deliberately broken his implied covenant by setting up a rival business. While the plaintiffs should be granted adequate relief for this breach of his contract, the remedy, upon the facts found, should not be broader than is reasonably necessary for their protection. *Old Corner Book Store* v. *Upham*, 194 Mass. 101. *Doty* v. *Martin*, 32 Mich. 462, 468, 469. The business of the old firm was conducted in Boston, which is the only locality referred to in the agreement, although the practice was not wholly derived from the place where patients were treated, but had been acquired from other cities and towns throughout the eastern and interior sections of the State. But, until it becomes affirmatively manifest that the plaintiffs are likely to obtain some substantial advantage or protection from such an extension, the vicinage ought not to be extended by implication to include the entire area within which former patients resided. *Doty* v. *Martin, ubi supra.* See *Butler* v. *Burleson*, 16 Vt. 176. The preservation of this territorially diversified patronage in the form in which it had been established was the object contemplated by the parties, and with which the defendant agreed not to interfere. By practising dentistry at his present location in the manner described, the defendant competes with the plaintiffs by obtaining former resident patrons, and also those who when coming to the city for dental treatment resort to him, when otherwise they might have employed the plaintiffs. They are, therefore, amply protected by an injunction enjoining the defendant from practising his profession within the limits of the city.

The decree of the Superior Court must be reversed, and a decree awarding an injunction, with costs, is to be entered. And, it being further shown that the larger part of the defendant's present practice has been derived from these patients, if the plaintiffs request, such money damages as they may have sustained from this breach of the contract also may be assessed. *Gregory* v. *Spieker*, 110 Cal. 150. *Moorehead* v. *Hyde*, 38 Iowa, 382. *Taylor* v. *Howard*, 110 Ala. 469.

*So ordered.*