CHARLES W. ALCOCK, Defendant in Error, *vs.* JOSEPH R. ALCOCK, Plaintiff in Error.

*Opinion filed April 22, 1915.*

1. CONTRACTS—*courts endeavor to uphold rather than defeat contracts.* In interpreting written contracts it is the duty of the courts to uphold them rather than defeat them, if they are fairly entered into, and to give them a reasonable construction so as to carry out the intention of the parties as far as possible.

2. SAME—*what is within contract against engaging in business.* An agreement by the seller of his interest in a plumbing business not to "go into or associate with anyone in the plumbing business" in a certain city for a period of five years precludes the seller from accepting employment with a rival of the purchaser, whether he is to have a share of the profits or only a salary, if the nature of his work in making estimates, soliciting customers, and the like, is such as to injure the purchaser's trade.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

A. G. DICUS, for plaintiff in error.

C. E. HECKLER, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The parties to this suit, prior to November 27, 1909, were stockholders in a corporation known as the Alcock Plumbing Company, engaged in the plumbing business in the city of Chicago. On the date above mentioned they made a written agreement by which the defendant in error, Charles W. Alcock, purchased the stock of the plaintiff in error, Joseph R. Alcock, for $3500. The agreement, among other things, provided "that Joseph R. Alcock will not go into or associate with anyone in the plumbing business in Chicago within five years from this date." After

this contract was made the plaintiff in error left the city of Chicago, but in December, 1911, he returned and went to work for C. H. Law, who was carrying on a plumbing business in that city. On April 3, 1912, the defendant in error filed his bill in chancery in the superior court of Cook county, making plaintiff in error defendant, alleging that the plaintiff in error, in violation of his contract, had associated himself in the plumbing business with the said Law, who was an active competitor of the Alcock Plumbing Company, and that the plaintiff in error was soliciting trade in violation of the contract, and that his association with Law diverts customers and patrons of the complainant, and praying for an injunction restraining him from engaging in the plumbing business in any manner or capacity until November 27, 1914. Plaintiff in error answered, denying that he had associated himself in business with said Law, or that he had used his time, energy or experience in promoting the business of said Law, or that he was engaged in the soliciting of trade or doing plumbing work in violation of the contract, or that his employment injured the trade of the defendant in error. Replication was filed, and the cause was referred to a master in chancery to take the evidence and report his conclusions. The master reported, finding that the plaintiff in error was employed by Law on a salary of $30 a week; that he exercises superintendence over plumbing jobs, makes estimates, consults customers, calls on architects, and in the absence of Law exercises a general superintendency of the business; that he had solicited business from a former customer of the Alcock Plumbing Company but that he has no interest in the business of Law other than his salary. The master recommended that the prayer of the bill be granted, and that the employment of the plaintiff in error was in violation of the contract and should be enjoined. The superior court overruled exceptions to the master's report and decreed accordingly, and on an appeal to the Appellate

Court for the First District the decree was affirmed. The plaintiff in error has brought the case to this court by a writ of *certiorari,* assigning as error that the Appellate Court erred in affirming the decree of the superior court.

No question is raised as to the sufficiency or validity of the contract, the only question being whether the nature of the work in which the plaintiff in error is engaged is in violation of the provision of the contract above quoted. Plaintiff in error claims that under a fair construction of the contract the agreement not to "associate with," etc., means that he was not to associate with anyone in the plumbing business to the extent of having an interest in the profits of such business. It is not necessary to discuss the various definitions of the word "associate," as given in the dictionaries. It appears from the evidence that the contract was originally prepared by plaintiff in error and submitted by him to the defendant in error, at whose suggestion the words "or associate with anyone in" were written into the contract before it was signed by the parties. It was undoubtedly the intent and meaning of the parties when they entered into the contract that plaintiff in error should not associate with anyone in the plumbing business or engage in the plumbing business or have anything to do with such business within the time and territory provided, in such a manner that his association, whether it was by reason of his interest in the business or his employment in some capacity or otherwise, would work to the detriment of the defendant in error, to whom he had sold out. Law was a competitor of the Alcock Plumbing Company. It is difficult to conceive how plaintiff in error, in his position with Law, could refrain from using the knowledge he had acquired while with the Alcock Plumbing Company regarding its customers and methods of business. While plaintiff in error was working on a salary and had no interest in the profits or losses of the business conducted by Law, his position with Law unquestionably depended upon his abil-

ity to make good, and there is little difference whether he was paid a salary or had an interest in the profits of the business. In nearly every business there are certain methods pursued and certain regular customers and patrons of that business. The knowledge and information which a person interested in such business obtains by reason of his connection therewith are valuable, and it is injurious to such business to disclose its secrets or impart information of its affairs to competitors. The reason for entering into such contracts as the one in this case is to prevent such knowledge being disclosed. While the evidence upon which the master based his report is conflicting as to whether plaintiff in error had actually solicited business for Law from customers of the Alcock Plumbing Company, plaintiff in error admitted that he had figured on business for Law and furnished estimates for various plumbing jobs. He had done the same kind of work for the Alcock Plumbing Company and knew just how that company would bid or contract for work, and if he was worth anything to Law he was bound to make use of that knowledge in doing the same kind of work for him. In the case of *Ryan v. Hamilton*, 205 Ill. 191, which was a bill for an injunction to restrain a physician from practicing medicine within a certain territory in violation of a contract by which he had sold his practice and agreed not to practice within that territory, we held that in interpreting written contracts fairly entered into, it is the duty of courts to uphold rather than defeat them and to give them a reasonable and sensible construction, so as to carry out the intention of the parties as far as possible. In the case of *Ranft v. Reimers*, 200 Ill. 386, it was held that a seller conveying and warranting the good will of a business may be enjoined from soliciting old customers upon re-engaging in the same business and from appropriating the same telephone number as that used in the business sold and by which a large part of the orders had been received. In that case there was

no specific agreement by the seller not to engage in the same business again.

On the whole, we are unable to say that the decree of the superior court sustaining the master's report, and the judgment of the Appellate Court affirming such decree, are erroneous. 'The judgment of the Appellate Court will therefore be affirmed.          *Judgment affirmed.*