### KATHERINE A. GIBBONS v. HERBERT HANSCH AND OTHERS.[1]

February 5, 1932.

No. 28,743.

[1]Reported in 240 N. W. 901.

*Stoffer, Norgaard & Lidbom,* for appellants.
*Douglas, Kennedy & Kennedy,* for respondent.

HOLT, J.

Defendants appeal from the order denying their motion for a new trial.

Plaintiff's right to recover on the promissory note sued on is conceded. Defendants set up a counterclaim, which was dismissed without prejudice; and the refusal of the court to receive evidence as to this counterclaim, after the introduction of a written contract whereby plaintiff sold her one-third interest in a partnership operating a laundry, raises the only question upon this appeal.

By the contract plaintiff sold to the two individual defendants all her right, title, and interest in the laundry and dry cleaning business of the partnership known as the Domestic Laundry Company, including "its plant, machinery, equipment, assets of all kinds and good will, and all her rights, claims and demands against" the company. The two partners of plaintiff were parties to the contract of sale, thus consenting to the two individual defendants' being substituted for plaintiff in the partnership. The answer alleged that the note in suit was given plaintiff in part payment for her interest in the partnership, and alleges that plaintiff, to induce defendants to buy, represented that the partnership had a large volume of business, chief of which was that of the College of St. Thomas; that

she would turn that over to defendants; and that plaintiff, contrary to her contract of sale with defendants and contrary to her representations and promises, associated herself with another laundry company in St. Paul in competition with the one in which she sold her interest, and "by solicitation secured the patronage of divers persons and corporations including the College of St. Thomas for said other laundry" company, to the damage of defendants in the sum of $1,500.

Upon the oral argument defendants asserted that the counterclaim was predicated on breach of contract and not on tort, and from that viewpoint the appeal will be determined. The weight of authority is that the vendor of a business or interest therein, including the good will, may reënter a rival or competing business in an adjacent locality and publicly advertise for and solicit customers if there was no covenant or agreement in the contract of sale not to reënter a like business. Numerous authorities to that effect are cited in 28 C. J. 739, § 12. Massachusetts holds to the contrary if it be shown that reëngagement in a competing business derogates from the good will of the business sold. Marshall Engine Co. v. New Marshall Engine Co. 203 Mass. 410, 89 N. E. 548. Particularly is that considered the rule if it be a sale of the business and good will of a profession like that of a dentist or doctor. An extreme case is Foss v. Roby, 195 Mass. 292, 81 N. E. 199, 10 L.R.A.(N.S.) 1200, 11 Ann. Cas. 571. Some courts have held that where the sale of a business or calling includes good will an agreement is implied not to privately solicit customers of the business sold. Brown v. Benzinger, 118 Md. 29, 84 A. 79, Ann. Cas. 1914B, 582; Foss v. Roby, 195 Mass. 292, 81 N. E. 199, 10 L.R.A.(N.S.) 1200, 11 Ann. Cas. 571. However, the sale here was of an interest in a commercial business or industry, under a written contract; and the court should be slow to inject or imply terms other than those expressed in the writing. Cottrell v. Babcock P. P. Mfg. Co. 54 Conn. 122, 6 A. 791, so holds, and in this we concur. See also Fish Bros. Wagon Co. v. LaBelle Wagon Works, 82 Wis. 546, 52 N. W. 595, 16 L. R. A. 453, 33 A. S. R. 72. In Holliston v. Ernston, 124 Minn. 49, 53, 144 N. W. 415, 416, we held restrictive covenants

in the sale of a business "will not be extended by construction beyond the fair and natural import of the language used." It may be conceded that a vendor of a business including good will may so unfairly conduct a new business of the same kind in which he may engage by privately soliciting the patrons of the former business to leave it that he may be enjoined; but that would be on the ground of wrongful attempt to destroy the good will he sold and is not here involved. Williams v. Farrand, 88 Mich. 473, 50 N. W. 446, 14 L. R. A. 161, holds that in the absence of restrictive agreements the vendor may reëngage in the same business and even privately solicit the old customers. In passing it may be stated that the counterclaim contains no allegation that plaintiff by private solicitation took any patron or customer away from the partnership business; so under all the authorities, with the possible exception of Massachusetts, the counterclaim stated no cause of action, the good will sold being included in the sale of a commercial or industrial business and restrictive covenants being absent. 28 C. J. 741, § 13.

Defendants cite Patterson v. Rogers, 148 Ark. 222, 229 S. W. 711, 712; Ranft v. Reimers, 200 Ill. 386, 65 N. E. 720, 60 L. R. A. 291; Hilton v. Hilton, 89 N. J. Eq. 182, 104 A. 375, 377, L. R. A. 1918F, 1174; Von Bremen v. MacMonnies, 200 N. Y. 41, 93 N. E. 186, 32 L.R.A.(N.S.) 293, 21 Ann. Cas. 423; Ferris v. Pett, 42 R. I. 48, 105 A. 369, 2 A. L. R. 768. Patterson v. Rogers, 148 Ark. 222, 226, 229 S. W. 711, 712, is squarely against defendants, holding that the vendor of the good will of a business may, in the absence of restrictive agreements, engage in a competing business; and no agreement to abstain from so doing is "to be implied from the mere sale of the business with its good will." It was further held that, there being no proof of fraud, the counterclaim in the suit for the balance of the purchase price was correctly rejected. The Illinois and New York cases merely enjoined private solicitation of customers of the business and good will sold. The New Jersey decision [89 N. J. Eq. 187] declining to follow Foss v. Roby, 195 Mass. 292, 81 N. E. 199, 10 L.R.A.(N.S.) 1200, 11 Ann. Cas. 571, says:

"The vendor having the right to conduct a rival business may from the necessity of the case seek for trade by any honest method in-

cluding public advertisement or private advertisement among those who were not customers of the old business, but he may not specially solicit the trade of those who were customers of the old business."

And further it was held that it was improper to enjoin him from doing business with the old customers who might come to him of their own accord without special solicitation. The counterclaim in the present case contained no allegation of special or private solicitation; hence the court rightly sustained objection to the introduction of evidence. The Rhode Island case above cited and relied on by defendants involved the sale of good will of a professional business, but it refers to Zanturjian v. Boornazian, 25 R. I. 151, 55 A. 199, where it was held that the vendor of a business and its good will will be enjoined from privately soliciting old customers to a competing business he might engage in.

Another though technical reason for sustaining the ruling of the court below in refusing any further proof of the counterclaim after the sales contract had been introduced is this: The contract showed that plaintiff sold her interest in a partnership to the two individual defendants, her two partners also signing the agreement accepting the purchasers as partners. It is clear that if plaintiff thereafter wrongfully induced old customers to leave the partnership it was a wrong against the partnership and not against the individual vendees of her interest. It is true that after the trial was concluded defendants made a motion for leave to file an amended proposed answer containing the same counterclaim but showing that defendant corporation has succeeded to the property, business, and good will of the partnership. However, it was wholly for the trial court to determine whether at that stage of the proceedings there should be an amended pleading. The dismissal of the counterclaim was without prejudice; and if defendants in fact have a counterclaim it ought to be more clearly and definitely alleged than in the proposed answer. There was no abuse of judicial discretion under the circumstances disclosed in the refusal to allow the proposed pleading.

The order is affirmed.