Harold Warp, Trading as Flex-O-Glass Manufacturing Company, Appellant, v. Edward Warp and Margaret Warp, Trading as Sol-O-Lite Manufacturing Company, Appellees.

Gen. No. 41,162.

Opinion filed November 20, 1940. Rehearing denied December 11, 1940.

Bobb, Spoerri, Bourland & Harris, of Chicago, for appellant; William L. Bourland, of Chicago, of counsel.

James W. Milne and Tinsman, Blocki & Heeren, both of Chicago, for appellees.

Mr. Justice Denis E. Sullivan delivered the opinion of the court.

A bill was filed by plaintiff Harold Warp, doing business as the Flex-O-Glass Mfg. Co., under the firm name of Warp Bros. against Edward Warp and Mar-

garet Warp, doing business as Sol-O-Lite Manufacturing Company, charging them with unfair competition and particularly charging Edward Warp with having violated the terms of a dissolution agreement dated June 29, 1938, terminating the articles of partnership which had been entered into between Harold Warp and Edward Warp on November 6, 1937; also the violation of the terms of a bill of sale dated June 29, 1938, by which Edward sold his interest in the partnership to Harold for $15,625, of which sum $10,000 was paid for goodwill.

Plaintiff prayed that a temporary injunction be made final upon a hearing, containing the following provisions:

(1) Restraining the defendants from continuing the unfair trade practices alleged;

(2) From further violation of the rights sold to the plaintiff under the dissolution agreement and bill of sale;

(3) For an accounting of the damages sustained by the plaintiff from the unfair competition of the defendant; and

(4) For an accounting of the damages sustained by plaintiff, etc.

After the cause was tried and decided, then on a motion for a rehearing, an affidavit was prepared and filed by one of the attorneys for the complainant, setting forth the fact that the trial judge's nephew rented space in a suite of rooms where the attorney for the defendants also had an office, and directly charged in said affidavit that the trial judge was swayed in making his decision because of such fact. Such affidavit also purported to ask for a change of venue after the case had been decided. Such conduct on the part of a trial lawyer is most unusual and we do not think such conduct should be passed unnoticed. The lawyer who made the affidavit must have known that under the statute he was not entitled to a change of venue, and

the affidavit was evidently filed for the purpose of assailing the judge. Justice as represented in the trial court by a trial judge should deservedly be free from an assault of this kind. The trial judge should have promptly and effectively taken steps to protect the administration of justice. In view of such conduct on the part of said attorney, is it any wonder that the layman is ready with criticism as to the administration of justice? The trial judge, however, produced the affidavits of his nephew in denial. A rule should have been entered on said attorney to show why he should not be punished for contempt. If counsel in a pending case is permitted to assail the trial judge by an affidavit having no legal basis, which affidavit questions the integrity of the judge because said judge decides a case against said counsel's client, then, indeed, the administration of justice has fallen to low estate. Were such procedure permitted, the reputation of a trial judge for probity and honesty, earned through years of hard public service while administering justice, could easily be destroyed and the administration of justice interfered with and the respect of the public lost as to the court's orders and decrees. Counsel on the opposing side, however, made no motion to strike the affidavit and the record does not show any motion was made in this court to strike the briefs containing such allegations. Had such motion been made in this court, we would have promptly acted upon it.

When presenting a case to a reviewing court, it seems too bad that counsel cannot agree as to what the record shows. For instance, on page 47 of the abstract which purports to have been taken from page 111 of the record, appellant refers to a stipulation which is not signed nor is it purported to be signed by anybody but defendants, and it is stated that plaintiff did not sign it. Further, in the argument on page 3 of the brief, the charge is made that the defendants

filed the stipulation at the court's direction. We are unable to find any such direction. Defendants also denied that there was any such direction given by the court. This manner of presenting cases to this court is almost worse than useless. It places an extraordinary burden upon the court in checking up the statements made by counsel, and also makes it very difficult for the court to learn just what the facts are.

As to the merit of this controversy, it appears to be largely based on questions of fact. No agreement was entered into between the parties by which the defendants were to cease doing business, or agreeing to conduct their business in any particular way. We can find nothing in the record to indicate that this case involved anything but legitimate business competition.

The rule is that the vendor of a business, or interest therein, including the goodwill, may re-enter a rival or competing business in an adjacent locality and publish, advertise for and solicit customers, if there was no covenant or agreement in the contract of sale or other provision made not to re-enter a like business. *Gibbons v. Hansch,* 185 Minn. 290, 240 N. W. 901; *Ranft v. Reimers,* 200 Ill. 386; *Hazelton Boiler Co. v. Hazelton Tripod Boiler Co.,* 142 Ill. 494.

Without commenting in detail on all the facts and the evidence, which in some instances is quite conflicting, suffice it to say that the trial court saw and heard the witnesses testify and in our opinion arrived at the proper conclusion. We think the decree entered is supported by the law and the evidence and, for the reasons herein given, the decree of the superior court is affirmed.

*Decree affirmed.*

Hebel, P. J., and Burke, J., concur.