### WELD v. GOLDENBERG.

(Circuit Court of Appeals, Second Circuit. January 9, 1895.)

No. 32.

CONTRACTS—INTERPRETATION—GUARANTY.

G. sold to W. a lot of land upon which he was, at the time, constructing a building, the contract of sale containing a provision that G. "covenants

[1] Woodland Mill Co. v. Standard Oil Co. (No. 60). No opinion was filed in this case.

and agrees that the building now being erected on the said premises shall be completed at his expense before the delivery of the deed herein, in accordance with the plans and specifications of A. Z., Esq., architect." The plans and specifications, which were in existence at the time the contract was made, called for the use of certain materials and the doing of certain work, to construct a waterproof cellar, and for a guaranty by the contractor that the cellar should remain watertight for five years. *Held,* that G., by this contract, only bound himself to furnish a cellar constructed upon the plans and specifications of the architect, and accompanied by the contractor's guaranty, and did not covenant to furnish a waterproof cellar at all events.

This was an action by Ellen H. Weld, as residuary legatee of William F. Weld (in whose place she was substituted as plaintiff after the commencement of the action), against Simon Goldenberg, to recover damages for the nonperformance of a contract. The circuit court dismissed the complaint. Plaintiff brings error.

George A. Strong, for plaintiff in error.

Carlisle Norwood, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The undisputed facts in this case are that on October 10, 1890, the defendant, Simon Goldenberg, was the owner of land on the corner of Wooster and Broome streets, in the city of New York, upon which he was erecting a six-story warehouse, for which plans and specifications had been made by Alfred Zucker, an architect. On that day, Goldenberg entered into a written agreement with William F. Weld to sell the latter this land, and to complete at his (Goldenberg's) expense said warehouse, in accordance with the plans and specifications of the architect, at a specified time, for the sum of $326,000. The building was completed at the proper time. Mr. Weld claimed that it had not been properly completed, and that the cellar was not waterproof, but paid the contract price, and received a deed of the premises, under a written agreement between the contracting parties that the acceptance or the payment should not operate to waive any of his existing rights. Subsequently, Weld brought this action at law against Goldenberg, before the circuit court for the Southern district of New York, to recover damages for the alleged nonperformance of Goldenberg's contract of October 10, 1890.

The fourth and fifth paragraphs of the complaint are as follows:

"Fourth. The aforesaid written agreement for the sale of said property contained a provision as follows: 'The party of the first part covenants and agrees that the building now being erected on the said premises shall be completed at his expense, before the delivery of the deed herein, in accordance with the plans and specifications of Alfred Zucker, Esq., architect, and delivered to the party of the second part, so as to be in all respects ready for occupation by the proposed tenant.'

"Fifth. Among the plans and specifications referred to in the provision above set forth, and delivered by defendant to this plaintiff in accordance therewith, were certain specifications for the work and materials required to construct a cellar, for the building then being constructed upon the premises aforesaid, including boiler vault and vaults under sidewalks, which cellar was to be a waterproof cellar."

The complainant further alleged, in the seventh and eighth paragraphs, that:

"After plaintiff received delivery of the aforesaid deed, great injury was caused to him by the fact that said cellar was not waterproof, but that, on the contrary, it permitted water to enter. Repeated notices of this fact were thereupon given to the defendant, and said cellar remained in a defective condition, in violation of the defendant's covenant. Thereupon the plaintiff was compelled to provide, at his own expense, said building with a really waterproof cellar, to his damage $20,000."

Annexed to the defendant's answer were the contract of October 10, 1890, which contained the clause quoted in the fourth paragraph of the complaint, and the specifications in regard to waterproofing, and a contract dated April 21, 1890, between Goldenberg and William H. Arnott & Co., the contractors for waterproofing the cellar. The heading of the specifications was as follows:

"Specifications of waterproofing work and materials required to construct a waterproof cellar, including boiler vault and vaults under sidewalks under the six-story warehouse on the northwest corner of Broome and Wooster streets, in the city of New York, for Simon Goldenberg, Esq., owner, agreeable to plans, etc., prepared for the purpose by Arthur Zucker, architect, 346 Broadway, New York City."

The specification provided that the contractor should guaranty that the cellar should remain dry and watertight for five years from the completion of the building, and required him to do all the work and furnish the material necessary to carry out the guaranty. This guaranty was entered into by the contractors.

After the complaint was brought, William F. Weld died, and Ellen H. Weld, his residuary legatee, who was vested with the title to the claim in suit, was substituted as plaintiff. Upon the trial of the cause, after the jury was impaneled, the defendant moved to dismiss the complaint, because, among other reasons, the plaintiff did "not allege that the cellar was not waterproof in consequence of any failure on the part of the defendant to complete the building, including the cellar, in accordance with the plans and specifications." The court dismissed the complaint, and entered judgment for the defendant, to which direction or order the plaintiff duly excepted, and by writ of error brought the question before this court.

As the entire contract between the parties and the specifications for waterproofing were annexed to the defendant's answer, and were conceded to be correctly set forth, the question which was raised upon the defendant's motion was that of the construction of a written contract, viz. whether Goldenberg agreed to deliver a waterproof cellar, or a cellar constructed in accordance with the architect's plans and specifications, accompanied with the guaranty of the contractor that it should be watertight for five years. The complaint was founded upon the theory that the defendant covenanted to furnish a waterproof cellar, although it might have been built in accordance with the architect's plans, and consequently that the defendant would be liable, although the defect was caused by a defective system. The defendant's theory is that he was only called upon to complete the building as he had commenced, under and in accordance with the architect's plans and specifications. Goldenberg,

being the owner of real estate, had commenced its improvement by the erection of a large warehouse, had procured plans and specifications from an architect, had made contracts for the construction of the building and had leased it for five years and one month from January 1, 1891,—the date of its expected completion. In this state of affairs, he made a written contract for the sale of the land, the completion of the building in accordance with the existing plans and specifications, and the delivery of a deed when the building was finished. If he entered into a covenant to make a waterproof cellar, the undertaking must be found in the specifications; and from thence it was incorporated in the contract, by virtue of his promise to construct in accordance with the specifications. But, when the specifications are looked into, they contain the particulars which the architect thought or hoped would produce a watertight cellar, coupled with the requirement that the contractor should guaranty that his waterproofing should keep the cellar watertight for five years. If the cellar should be constructed according to the specifications, no promise or agreement is to be found emanating from the architect or the owner that the result would be accomplished, but there is a requirement that the contractor should promise that the desired result should exist for five years. Goldenberg's agreement, after incorporating into it the specifications, then was that the building should be arranged, erected, and constructed according to the designated plans, of the designated materials, and in the designated way, and that, in addition, he would have the agreement of a contractor to add to those materials whatever other materials might be required to carry into execution his contract in regard to the good results of his work. With this covenant Goldenberg complied, and procured the agreement of apparently responsible contractors. Inasmuch as he did all he promised to do, he is not responsible for the failure of the system of waterproofing which his architect selected, and which the contractors undertook should be successful.

The judgment of the circuit court is affirmed, with costs.