ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Appellant,* v. L. O. FEAGIN, *Appellee.*

## En Banc.

## Opinion Filed May 10, 1927.

1. Where an original bill of complaint seeks to quiet title and to restrain a trespass, and an amended bill of complaint seeks the same relief, the amended bill is not in effect the institution of a new and materially different suit, alleging a different cause of action, which is so palpably inconsistent with or repugnant to the original bill that no decree can properly be entered upon the amended bill.

2. In a chancery suit, while it may be proper, it is not always necessary for the court to require additional proof to be presented after the entry of a decree *pro confesso* and before the entry of a final decree.

3. Where a valid decree *pro confesso* is entered, the defendant is held to have admitted the allegations of fact, and the fair inferences and conclusions of fact which may be drawn from the allegations contained in the bill of complaint.

4. Necessarily the trial court is clothed with broad discretion in the matter of allowing amendments to the pleadings in a civil cause, and unless there is a gross abuse of the discretion, this Court will not interfere with its exercise.

An Appeal from the Circuit Court for Polk County; H. C. Petteway, Judge.

Decree affirmed.

*Kelly, Sutton & Shaw,* for Appellant;

*Lee J. Clyatt,* for Appellee.

CHILLINGWORTH, Circuit Judge.—This case was once

before this Court. Atlantic Coast Line R. Co. v. Feagin, 90 Fla. —, 105 So. 141. Upon its return to the Circuit Court, an amended bill was filed and a demurrer thereto overruled. The defendant, Atlantic Coast Line R. Co. failed to plead. A decree *pro confesso* and final decree were entered. The title of complainant was quieted, and the defendant enjoined and restrained from asserting or claiming any title to the land involved, except for a right-of-way easement.

The appellant, defendant in the Court below, contends that the Court erred in granting leave to file the amended bill and an amendment thereto, and in entering the final decree based upon an unsworn amended bill of complaint which presented an inconsistent and materially different case from the one made out in the original bill.

The original bill and the amended bill each apparently sought to quiet the title of complainant as well as to restrain a trespess. The amended bill, as a bill to restrain a trespass, is still without equity, for the reason pointed out by this Court in its previous opinion.

While there is surplusage in the amended bill, it contains the essential elements of a bill to quiet title, which the defendant has admitted by the entry of a decree *pro confesso*.

We do not believe that the amended bill is in effect the institution of a new and materially different suit alleging a different cause of action, which is so palpably inconsistent with or repugnant to the original bill that no decree can properly be entered upon the amended bill, for the original and amended bill each sought the same relief. Guggenheimer & Co. v. Davidson, 62 Fla. 490, 56 So. 801.

While it may be proper, it is not always necessary for the Court to require additional proof to be presented after the entry of the decree *pro confesso*, and before the entry of a final decree, as the defendant is held to have admitted the

allegations of fact, and the fair inferences and conclusions of fact which may be drawn from the allegations contained in the bill of complaint. Lybass v. Town of Fort Myers, 56 Fla. 817, 47 So. 346.

Necessarily, the trial court is clothed with broad discretion in the matter of allowing amendments to the pleadings in civil causes, and unless there is a gross abuse of the discretion this Court will not interfere with its exercise. Warren v. Warren, 73 Fla. 764, 75 So. 35.

We do not believe the rights of the defendant were prejudiced in any way by permitting the amendments. The defendant had an opportunity to present its defense of law and of fact, and failed to do so.

Affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the Circuit Court should be, and the same is hereby affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.