**FORTUNE v. EVANS.**

No. 596.

Municipal Court of Appeals for the
District of Columbia.

May 14, 1948.

Frank J. Meyer, of Washington, D. C., for appellant.

Joseph H. Schneider, of Washington, D. C., (Ben Lindas, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This appeal involves a controversy over a building contract. Plaintiff alleged that defendant orally agreed to erect for plaintiff a building in accordance with plans contained in a contract between plaintiff and a Mr. and Mrs. Worthy; that defendant was paid in full but failed to fully perform; and that it would cost plaintiff $3,000 to complete the job, for which sum judgment was asked. Defendant admitted a contract but on different terms than those claimed by plaintiff; admitted that he failed to complete the job in some particulars; and alleged his failure so to do was the result of plaintiff's failure to pay him as the work progressed, in accordance with the contract. Defendant filed a counterclaim, totalling $1,814.33, for money allegedly due him for labor performed and for his claimed share of the proceeds of a second trust note on the property in question.

The court, hearing the case without a jury, found for plaintiff in the sum of $875 and denied any recovery on the counterclaim. From judgment on the finding defendant has appealed.

At trial there were received in evidence in support of plaintiff's claim, cancelled checks of plaintiff in a total amount of $5,200. Most of the checks were drawn in favor of materialmen, but some were endorsed by defendant and some were payable to defendant. Plaintiff testified that all the money represented by the checks was expended on the job in question, but admitted on cross-examination that contemporaneously with that job defendant was

"involved" in other building projects with plaintiff. The court, however, refused to permit cross-examination as to the relationship of any of the checks to the other jobs. In this there was error. Plaintiff having offered the checks in support of his claim on this job and having testified that the checks related to this job alone, defendant had a right to inquire on cross-examination whether any of the checks related to jobs other than the one in question. Cross-examination is a matter of right and not a mere privilege. J. E. Hanger, Inc., v. United States, 81 U.S.App.D.C. 408, 160 F.2d 8; Collins v. United States, D.C.Mun. App., 41 A.2d 515. "A full cross-examination of a witness upon the subjects of his examination in chief is the absolute right, not the mere privilege, of the party against whom he is called, and a denial of this right is a prejudicial and fatal error." Heard v. United States, 8 Cir., 255 F. 829, quoted with approval in Lindsey v. United States, 77 U.S.App.D.C. 1, 133 F.2d 368, 369. All of the foregoing authorities are criminal cases but the rule stated is equally applicable to civil cases.

When defendant put on his case, he testified he was engaged on several jobs with the plaintiff; but the court refused to allow him to testify that many of the checks introduced in evidence by plaintiff were applicable to jobs other than the one in question. This, too, was error. We know of no rule which would prevent defendant from contradicting plaintiff's testimony on a matter so highly material to the case.

The judgment must be reversed and a new trial ordered. Because of this we deem it appropriate to consider one other error assigned by defendant. Defendant contends that no competent evidence of damages was produced by plaintiff. Plain-tiff testified that it would cost $3,000 to complete the building in accordance with the plans. Defendant contends that this was not competent evidence of damages, asserting that the only measure of damages in a case of this sort is that laid down in Baber v. Baessell, 66 App.D.C. 226, 85 F.2d 725, 727, where the court said:

"It is settled in this jurisdiction that the measure of damages for failure to complete a building according to contract is the difference between what the building is worth when completed and what it would have been worth had it been completed according to the contract."

As shown by the above quotation and a reading of the entire decision from which it is taken, the stated rule is applicable where the work, though completed, has not been done in accordance with the contract. In such a case remedy of the defect will usually require more than a reasonable expenditure, resulting in an unreasonable economic waste; therefore the measure of damages is not the cost of replacing the defective work, but is the difference between the value that the work would have had if performed according to the contract and the value of the work as actually performed. But when, as in the present case, the contractor fails to complete the work and completion can be had without unreasonable economic waste, the usual measure of damages is the reasonable cost of completion in accordance with the contract.[1]

We accordingly hold that the reasonable cost of completion represented the proper measure of damages in this case, but in view of the new trial we do not decide whether plaintiff was sufficiently qualified to testify to such reasonable cost.

Reversed with instructions to grant a new trial.

---

[1] Fleming v. Twine, D.C.Mun.App., 58 A.2d 498; 5 Williston, Contracts (Rev. Ed.), § 1363; Restatement, Contracts, § 346; 25 C.J.S., Damages, § 75; 9 Am. Jur., Building Construction Contracts, § 151; Sedgwick, Damages, 9th Ed., §§ 618, 620; Annotation, 123 A.L.R. 515.