Joseph PAYTON, Appellant,

v.

SUMMIT LOANS, INC., a Corporation, Appellee.

No. 4546.

District of Columbia Court of Appeals.

Argued Feb. 18, 1969.

Decided June 16, 1969.

———◆———

Louis J. Barracato, Washington, D. C., for appellant.

Ralph Stein, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

KERN, Associate Judge:

This appeal presents for our determination whether appellee, a foreign corporation, is doing business in the District of Columbia and therefore subject to the service of process by our residents and the jurisdiction of our courts.

Appellant, a resident of the District of Columbia, brought action against appellee, a Maryland corporation engaged in the business of lending money, to recover damages he allegedly suffered as a result of appellee's wrongful repossession of his automobile from a private parking lot in Maryland after he had defaulted on the repayment of a loan to appellee. Appellant, pursuant to D.C.Code 1967, § 29–933i(c)[1] served copies of the summons and complaint upon the District of Columbia Superintendent of Corporations[2] who in turn transmitted them to appellee.

Appellee moved to quash the summons and dismiss the complaint and submitted an affidavit by its President that: It maintains no sales or administrative offices in the District of Columbia and conducts all of its

---

1. D.C.Code 1967, § 29–933i(c) states:
   If any foreign corporation shall transact business in the District without a certificate of authority, it shall, by transacting such business, be deemed to have thereby appointed the Commissioners its agent and representative upon whom any process, notice, or demand may be served. Service shall be made by delivering to and leaving with the Commissioners, or with any clerk having charge of their office, duplicate copies of such process, notice, or demand, together with an affidavit giving the latest known post office address of such corporation and such service shall be sufficient if notice thereof and a copy of the process, notice, or demand

are forwarded by registered mail or certified mail addressed to such corporation at the address given in such affidavit.
   The phrase "transact business" in the applicable statute set forth above has been construed to mean "doing business". Stevens v. American Service Mutual Ins. Co., D.C.App., 234 A.2d 305 (1967); Washington v. Hospital Service Plan of New Jersey, 120 U.S.App.D.C. 211, 345 F.2d 105 (1965).

2. This official has been delegated authority to receive service of process made under § 29–933i(c) by Organization Order No. 101, dated January 24, 1963, D.C.Code 1967, Appendix, Title 1.

business in Maryland; it is not licensed to do business and has no employees or agents in the District of Columbia; and, it neither advertises in the newspapers nor lists its telephone in the District of Columbia. The trial court granted appellee's motion and appellant challenges the correctness of this action.

■ Appellant urges that appellee is doing business in the District of Columbia within the meaning of Section 29–933i(c) by reason of the fact that between January, 1965, and the filing of his complaint in June, 1967, it had initiated in the court below each month on the average between one and two suits. The initiation of an action by a foreign corporation does not in and of itself constitute doing business in the jurisdiction where suit is brought. 18 Fletcher Cyclopedia Corporations, § 8726.1 (1968 Cum.Supp.). Appellant cites Kelberine v. Societe Internationale, 124 U.S. App.D.C. 257, 363 F.2d 989 (1966) but this case holds that if a foreign corporation files a suit in the District of Columbia concerning certain property it cannot subsequently avoid on jurisdictional grounds a suit in that same court involving that same property. Appellee has not brought action against appellant or otherwise initiated litigation in connection with his car.

■ Appellant argues that since appellee's business is lending money, its recovery of unpaid loans is necessarily a part of its business activity. We are unable to distinguish suits by appellee against debtors in default from litigation instituted by any commercial enterprises to recover for goods or services rendered. The use of our courts from time to time by appellee, standing alone as it does on this record, does not constitute "sustained and substantial" projection of its corporate presence into the District of Columbia from which we could conclude that appellee is doing business here and amenable to process.[3]

■ Appellant also urges on this appeal that even if appellee was not doing business in the District of Columbia it is still subject to our jurisdiction pursuant to the applicable statute[4] because it committed a

---

3. By contrast, compare the following cases in which a foreign corporation was held to be doing business here: Stevens v. American Service Mutual Insurance Co., D.C.App., 234 A.2d 305 (1967) (an Alabama insurance company writing automobile liability policies maintained in the District of Columbia for the benefit of its policyholders an agency to adjust and settle claims against such policyholders); Key v. S. C. Johnson & Son, Inc., D.C.App., 189 A.2d 361 (1963) (a Wisconsin corporation marketed chemical products extensively within the District of Columbia and its salesmen actively solicited orders here); Goldberg v. Southern Builders, 87 U.S.App.D.C. 191, 184 F.2d 345 (1950) (the books, records, and officers of a Delaware corporation were in the District of Columbia and the general operation and supervision of the corporation's affairs were conducted here); Frene v. Louisville Cement Co., 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926 (1943) (an employee of a Kentucky corporation manufacturing and selling a waterproofing solution actively marketed the product in the District of Columbia and made regular visits to construction sites using its product throughout the District; and, Washington v. Hospital Service Plan of New Jersey, 120 U.S.App.D.C. 211, 345 F.2d 105 (1965) (a New Jersey corporation selling group hospitalization insurance relied upon a local insurance company to perform administrative duties for its policyholders here).

4. D.C.Code 1967, § 13–334(b) states:
    When a foreign corporation transacts business in the District without having a

**462**

tort here. *See* Goldberg v. Southern Builders, *supra* n. 3. The difficulty with his argument is two-fold. First, he did not raise it in the court below so that the trial judge could consider it. Waterman v. Railway Express Agency, Inc., D.C.Mun.App., 31 A.2d 657 (1943). Second, the record shows that his automobile was repossessed in Maryland but is silent both on whether it was damaged in Maryland and where his personal property was removed from the car. Appellant argues that the tort was committed in the District of Columbia because that was where he found his car in damaged condition and without his personal property and thus the tort was "completed" in the District of Columbia. He cites Albert v. McGrath, 107 U.S.App.D.C. 336, 278 F.2d 16 (1960) to support such argument, but a significant amount of the tortious conduct in that case occurred in the District of Columbia and therefore the tort was committed rather than merely completed in the District of Columbia.

■ We hold that upon the facts in this record the trial court correctly quashed the summons and dismissed the complaint. We are not persuaded that it would be unfair, impractical or unreasonable to require appellant to sue appellee in Maryland. Appellant obtained his loan from appellee in Maryland and appellee repossessed appellant's car in Maryland. Appellant's remedy and relief, whether administrative or judicial, must be obtained in Maryland.

Affirmed.

place of business or resident agent therein, service upon any officer or agent or employee of the corporation in the District is effectual as to actions growing

out of contracts entered into or to be performed, in whole or in part, in the District of Columbia or growing out of any tort committed in the District.