PER CURIAM.
Appellants have appealed an adverse final judgment in a medical malpractice case based upon a jury verdict in favor of appellee.
Appellants’ first point challenges the correctness of the trial court’s ruling which permitted appellee to amend his answer after the evidence was closed by interposing the defense of contributory negligence pursuant to the provisions of Rule 1.190(b), R.C.P., 30 F.S.A. Our Supreme Court has been extremely liberal. in permitting amendments after trial to conform to the evidence when the issue has been tried by the express or implied consent of the parties.[1]
Appellants’ second point on appeal challenges the trial court’s order denying their motion for new trial which is predicated upon the contention that the jury was confused and prejudiced by the inflammatory and unjustifiable remarks made by ap-pellee’s counsel in his summation to the jury. Again in this field of the law our Supreme Court has experienced difficulty in detecting any language by counsel in their summation which would warrant a new trial. A wide latitude has been accorded competing advocates in this phase of the trial.[2]
The able trial judge considered the grounds of both of appellants’ points on appeal in connection with their motion for new trial, and in the exercise of the discretion vested in him concluded that no valid grounds existed which required a re-litigation of the cause. Such discretion will not be disturbed absent a clear showing of abuse.[3] The judgment appealed is affirmed.
CAROLL, DONALD K., Acting C. J., and WIGGINTON, and SPECTOR, JJ., concur.

. Garrett v. Oak Hall Club (Fla.App.1959) 112 So.2d 603, decision quashed (Fla. 1960) 118 So.2d 633.

. Apalachicola Northern Bailroad Company v. Tyus, (Fla.App.1959) 114 So.2d 33, decision quashed (Fla.1961) 130 So. 2d 580 (see dissenting opinion pp. 588-596, inch).

. Cloud v. Fallis, (Fla.1959) 110 So.2d 669.