286 So.2d 223 (1973)
Eloise H. BUCHANAN, Appellant,
v.
GULF LIFE INSURANCE COMPANY, a Corporation, Appellee.
No. R-247.
District Court of Appeal of Florida, First District.
December 6, 1973.
S. David Cox, of Law Office of Barton & Cox, Gainesville, for appellant.
L. William Graham, of Dell, Graham, Willcox, Barber, Rappenecker, Ryals & Henderson, Gainesville, for appellee.
RAWLS, Chief Judge.
By this appeal, appellant challenges a summary final judgment in favor of appellee-insurance company. The primary point relates to the issue of accidental death within the terms of a life insurance policy establishing liability for the death of the insured occurring "directly and independently of all other causes... and as a result of accidental injury", and with the exculpatory provision that provides the company does not assume the risk of death caused or contributed to directly or indirectly by disease, bodily or mental infirmity.
Appellant's amended complaint alleged that the company agreed to pay her an additional sum of $10,000.00 in the event her insured husband met his death by means of an accident; that the insured died as a result of a cardiorespiratory arrest brought on by an accidental fall which caused a fracture of the tenth rib of the left chest and hemothorax; and that in accordance with the policy of insurance previously filed, she was entitled to recover said sum. Issue was joined by the parties on the foregoing pleadings by the company's answer admitting the policy of life insurance providing for double indemnity, and denying that the insured died as a result of an accident within the terms of the policy.
Appellee-insurance company moved for a summary judgment and final judgment in its favor on the grounds,
"... that it will appear from the pleadings and depositions on file in this cause that there is no genuine issue as to the material medical facts relating to the causes and contributing causes of PLAINTIFF'S [appellant's] husband's death as alleged in the Complaint herein, and that said death did not result directly and independently of all other causes but rather as a result of body and mental infirmity and illness and disease while taking drugs and sedatives voluntarily or involuntarily within the exclusionary clause of the insurance contract under *224 which PLAINTIFF [appellant] seeks to recover double indemnity for accidental death... ."
Appellant countered with a motion for summary judgment wherein she alleged that the subject insurance contract provided, inter alia:
"The company will pay the beneficiary an additional benefit equal to the amount of the rider upon receipt of due proof that the death of the Insured (1) resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means as evidenced by a visible contusion or wound on the exterior of the body (except in case of drowning or internal injury revealed by an autopsy), and (2) occurred while the policy and this rider were in force and within 90 days from the date of such injury."
and that from the depositions, medical records, death certificates and allegations of the complaint, the cause of death was a fracture of the tenth rib of the left chest which caused a hemothorax which in turn directly caused a cardiorespiratory arrest.
In rendering a final summary judgment for the insurance company, the trial judge reviewed the pleadings, depositions and other exhibits on file and found that the death of appellant's deceased husband following the accident was contributed to directly or indirectly by four or more bodily infirmities, illnesses or diseases from which said decedent suffered at the time of the accident.[1] The record in this cause overwhelmingly supports the factual conclusion of the trial judge and the judgment rendered.
By petition for rehearing, appellant changed her course one hundred and eighty degrees. She no longer pursued the contract of insurance as written but asserted: 1) that the policy of insurance is an adhesion policy and was not the agreement of the parties and attached an affidavit as to this ground relating therein oral representations made by the insurance company's agent and the failure of the agent to advise as to the exemption provisions contained in the policy; 2) that such exculpatory clauses are contrary to public policy; and 3) that the vast wealthy insurance companies, through their agents, should not be allowed to mislead consumers in failing to make a full disclosure to the consumers prior to the purchasing of their policy.
Even in this day of modern pleading, advocates must at some stage of the trial proceeding join issue on the controversy. Here, appellant contended that by reason of her contract of insurance and the undisputed facts, she was entitled to recover from the insurance company. The pleadings and proof submitted revealed that she was not entitled to recover by reason of the express terms of the contract of insurance.[2] Appellant at no time thereafter sought to amend her complaint. Final summary judgment was properly entered in favor of the insurance company. By her petition for rehearing, appellant sought to disown the contract she had litigated and, at this stage, journeyed upon a new fork in the road seeking recovery. She was "a day late and a dollar short". We pretermit any discussion as to the points sought to be asserted by appellant with reference to constructive fraud and a contract of adhesion in derogation of consumer protection and public policy.
Affirmed.
WIGGINTON, J., and DREW, Associate Judge, concur.
NOTES
[1] The uncontroverted testimony of the pathologist that performed the autopsy was that five significant factors contributed materially to the death of decedent, viz: 1) transverse fracture of the tenth rib, posterior on left; 2) hemothorax, 1200 ccs; 3) atherosclerosis of coronary arteries; 4) hypertrophy of heart, left ventricle, slight; and 5) Parkinson's disease.
[2] Roberts v. Southern Farm Bureau Casualty Ins. Co., 215 So.2d 59 (1 Fla.App. 1968).