BOYER, Judge.
Appellants seek review of an order of dismissal in which the trial judge found that, after final hearing, the plaintiffs had failed to prove their action to quiet title to certain lands based upon the plaintiffs’ claim of adverse possession without color of title, but allowed the plaintiffs fifteen days within which to file an amended complaint based upon adverse possession under color of title. There is no contention by the appellees that the amendment was permitted in order to conform the pleadings to the evidence.
The appellees here, as plaintiffs below, brought suit to quiet the title to certain lands in Jefferson County, claiming title by adverse possession not under color of title, alleging that the property had been in possession of the plaintiffs’ family for in excess of 75 years and that it had recently been partitioned by exchange of deeds within the family. Appellants (defendants below) answered, denying that plaintiffs had acquired title to the lands, and the case proceeded to final hearing.
At the final hearing the trial judge indicated to plaintiffs’ attorney that it did not appear that the proof was sufficient to sustain the claim for adverse possession not under color of title and he offered to permit an amendment to allege adverse possession under color of title. Indeed, the record before us reveals that the trial judge virtually begged the plaintiffs’ attorney to add a count claiming adverse possession under color of title, but the admonitions and offers were rejected. It is pertinent to note that the defendants did not even object to the plaintiffs being given an opportunity to amend but did request, as they were entitled to do, that if the amendment were made the trial be continued in order to afford the defendants an opportunity to prepare their defense to the amendment.
After rejecting the opportunity to amend, the plaintiffs called several wit *93 nesses and rested. The defendants declined to call any witnesses or adduce any testimony and the court took the case under advisement. On the following day the order now appealed was entered. Pertinent portions thereof are as follows:
“ORDERED AND ADJUDGED that the plaintiffs have failed to maintain the necessary burden of proof to their action to quiet title to the lands in question based upon Adverse Possession Without Color of Title, and as required pursuant to Chapter 95.18 and 95.19, F.S.A. It is further
“ORDERED AND ADJUDGED that this cause be, and the same is hereby dismissed with leave to plaintiffs, however, to file Amended Complaint based upon Adverse Possession under Color of Title within fifteen (15) days. . . . that in the event amended complaint is not filed in this cause within the fifteen (15) days, as permitted, then this Order shall become final, and the cause shall be deemed dismissed with prejudice.”
The point involved in this appeal is whether or not a plaintiff, after trial or final hearing, may be permitted to file an amended complaint setting up a different theory or cause of action.
Florida has for many years followed a policy of great liberality in permitting amendments to pleadings. (See Cran-dall, Florida Common Law Practice 1972). However, we find no case where a plaintiff, having gone to trial and failed to prove the case alleged, and after rejecting an opportunity to amend during the trial, was given an opportunity after the trial to amend, adopt a new and different theory and try again. We again point out for emphasis that this is not a case wherein it is sought after trial to amend the pleadings to conform with the evidence, nor does it involve an amendment to frame the pleadings to coincide with the issues on which the case was actually tried as was the situation in Turner v. Long, Fla.App. 1st 1969, 225 So.2d 434.
In the case sub judice the plaintiffs, ignoring admonitions and suggestions of the trial judge, without objections by defendants, made a binding election to proceed without amendment. Having done so, gone to trial, rested and lost on their theory advanced, it would be most unfair to force the defendants to bear the hazards, harassment and expenses of a second trial. A second bite at the apple may not be granted simply because the plaintiffs have failed to meet their burden of proof. The flame has flickered out!
If the plaintiffs are awarded a second chance now upon a different theory, which was expressly declined during the trial, and again lose, shall they be permitted to amend again and still have a third chance? On the other hand, if the plaintiffs should be successful at the second go-around would it not be fair to then give the defendants their second bite at the apple? What is sauce for the goose should be sauce for the gander!
In the case of Benoit v. Central Vermont Ry., 116 Vt. 266, 73 A.2d 321, 33 A.L.R.2d 139 (1950) the court held:
“After verdict and before judgment the plaintiff moved to amend his declaration. The [purpose of] amendment sought to add a new and larger measure of damage to the theory alleged in the complaint. The court had charged the theory originally alleged without valid exception, as seen above. The plaintiff admits in his brief, and the transcript shows, that the verdict as to damage is well supported by the evidence on the theory on which it was submitted by the court. The proposed amendment was rightly denied. An amendment cannot be made for the purpose of overthrowing a verdict. . . . An amendment is allowed to cure error, not to create it.” (73 A.2d at pages 324 and 325.)
*94 In Waterman v. Railway Express Agency, 31 A.2d 657, (D.C.App.1943) the Court held:
“Plaintiffs alternative motion for judgment (which was in substance to rehear the case upon the theories set forth in an extensive accompanying affidavit) was properly denied. While newly discovered evidence was referred to in the motion, no evidence suceptible of that characterization was submitted. When an action has been tried, and judgment entered, a plaintiff may not enlarge her cause of action to include additional claims and introduce new theories of recovery not theretofore asserted.” (31 A.2d at page 658)
In the case of Gottwals v. Rencher, 60 Nev. 35; 98 P.2d 481, 126 A.L.R. 1262 (Nev.1940) the Court, in affirming an Order denying leave to amend after decision had been rendered, stated:
“It is not contended that the proposed amendment was to conform to proof, which is often deemed a sufficient reason for amendment. A comparison of the proposed amended complaint with the original reveals that a substantial change in the cause of action was sought. In the original complaint a rescission of the partnership agreement was asked, together with a dissolution of the partnership, while in the proposed amended complaint a reformation of the partnership agreement was sought. A different issue would have been thus injected into the action. It is obvious that a new trial would have been necessitated without fault upon the part of the defendants. Under such circumstances the motion was properly denied.” (98 P.2d at page 488)
In an earlier case, Nevada Mining & Exploration v. Rae, 47 Nev. 173, 218 P. 89, 92 (1923), the same Court reversed an order permitting an amended complaint to be filed after an adverse verdict, and said:
“Our Code of Civil Procedure is quite liberal as to amendments, but there is nothing therein which justifies an amendment after verdict so as to plead a cause of action diametrically opposed to the theory of the original complaint and that upon which the plaintiff proceeds until after the verdict of the jury is rendered.” (218 P. at page 92)
The appellees seek to rely upon Atlantic Coast Line R. Co. v. Feagin, Sup.Ct.Fla. 1927, 93 Fla. 1015, 113 So. 89 and Turner v. Trade-Mor, Inc., Fla.App. 4th 1971, 252 So.2d 383. We find that the holdings in those cases are not in point, though it is perhaps pertinent to note that in the Turner case the court recited that “the amendment of pleadings is a matter within the broad, though not unbridled, discretion of the trial court.” (Emphasis added)
The Florida case most nearly in point is Buchanan v. Gulf Life Insurance Company, Fla.App. 1st 1973, 286 So.2d 223, wherein this Court, speaking through Judge Rawls, said:
“By petition for rehearing, appellant changed her course one hundred and eighty degrees. * * * ”
>}: íjc >jc >j; sfc
“Even in this day of modern pleading, advocates must at some stage of the trial proceeding join issue on the controversy. Here, appellant contended that by reason of her contract of insurance and the undisputed facts, she was entitled to recover from the insurance company. The pleadings and proof submitted revealed that she was not entitled to recover by reason of the express terms of the contract of insurance. Appellant at no time thereafter sought to amend her complaint. Final summary judgment was properly entered in favor of the insurance company. By her petition for rehearing, appellant sought to disown the contract she had litigated and, at this stage, journeyed upon a new fork in the road seeking recovery. She was ‘a day late and a dollar short’. * * * ” (286 So.2d at page 224)
*95 We should point out that appellees did not take issue with that portion of the trial judge’s order finding that they had failed to prove their action to quiet title to the lands in question based upon adverse possession without color of title, therefore that portion of the order cannot be reviewed. This observation should not be taken as a suggestion on our part that the trial judge erred in that holding. On the contrary, we make mention of the point only to explain our failure to rule on that facet of the order appealed.
Accordingly, that portion of the order allowing the filing of an amended complaint after trial is reversed.
It is so ordered.
RAWLS, C. J., and JOHNSON, J., concur.