RAWLS, Chief Judge.
Although no pleadings or evidence was adduced at the post decretal hearing concerning this matter, the principal question presented by this interlocutory appeal is that the court erred in changing the date of termination of child support. We agree and reverse.
The parties were divorced in June of 1965, with the mother (appellant) gaining custody of the two boys and the father (appellee) ordered to provide monthly support of $125.00 for each child until they reached the age of twenty-one years and for one year thereafter if enrolled in a college or university. The final decree was amended in the year 1968 by increasing child support to $135.00 per month per child and terminating support upon the child reaching the age of twenty-one years, marrying, deceasing, or becoming self-supporting. The complaint filed in this cause solely concerned the question of increasing child support. The answer was in the form of a general denial. Thus, issue was joined. The evidence adduced did not comment upon the question of terminating child support, it was not raised or discussed or argued. “Even in this day of modern pleading, advocates must at some stage of the trial proceeding join issue on the controversy.” Buchanan v. Gulf Life Insurance Co., 286 So.2d 223 (La.App. 1st, 1973). See also St. Joe Paper Company v. Connell, 299 So.2d 92 (Fla.App. 1st, 1974), and Teta v. Teta, 297 So.2d 642 (Fla.App. 1st, 1974).
By way of caveat, we do not consider or pass upon the question of the time for terminating the payment of child support; we simply say that question was not submitted to the trial court and was improperly dealt with in the subject order.
Appellant also argues that the trial court, by increasing child support of $50.00 per month per child, failed to adequately provide for the needs of the children. After carefully considering the briefs and appendices, it is concluded that the appellant has failed to demonstrate an abuse of discretion and thus this point is without merit.
The order appealed is affirmed in part and reversed in part.
SPECTOR and JOHNSON, JJ., concur.