350 So.2d 1150 (1977)
WACKENHUT PROTECTIVE SYSTEMS, INC., Appellant,
v.
KEY BISCAYNE COMMODORE CLUB CONDOMINIUM I, INC., a Non-Profit Corporation, Appellee.
No. 77-946.
District Court of Appeal of Florida, Third District.
October 25, 1977.
Preddy, Kutner & Hardy and Charles W. Rice and Barry A. Pemsler, Miami, for appellant.
Snyder, Young, Stern, Barrett & Tannenbaum and Thomas M. Carney, Miami, for appellee.
Before PEARSON, HUBBART and KEHOE, JJ.
PER CURIAM.
The question here on appeal concerns the alleged error of the trial court in denying the Plaintiff's Motion for Leave to Amend where the denial was predicated primarily on the fact that nearly two and one-half years had elapsed from the filing of the third party complaint to the time of the motion to amend (Fla.R.Civ.P. 1.190).[1]
Appellant Wackenhut Protective Services, Inc., as plaintiff, filed its complaint for *1151 damages arising out of a breach of contract action against Fisher Development Corporation and Grandlich Development Corporation on September 10, 1974. On October 24, 1974, the defendants answered and thereafter, on October 29, 1974, filed their third party complaint for indemnity against the appellee herein, Key Biscayne Commodore Club Condominium I, Inc. On December 3, 1974, the appellee, as third party defendant, filed its answer to the third party complaint and counterclaimed. From April 9, to June 16, 1975, all activity in the case was continued due to the legislative duties of the attorney for the third party defendant. On June 20, 1975, the third party defendant filed its motion for summary judgment against the defendants and a hearing date in August, 1975, was set, but was cancelled. Again, due to the legislative duties of the attorney for the third party defendant, the case was continued for a second time on February 27, 1976. The third party defendant's motion for summary judgment was then rescheduled for July 1, 1976. However, on July 2, 1976, a bankruptcy judge of the United States District Court entered an order staying all proceedings involving the defendants in this case and on July 9, 1976, Notice of Entry of Automatic Stay was filed with the circuit court by the defendants' attorney.
Finally, on March 18, 1977, the appellant (plaintiff) filed its Motion for Leave to Amend to add the third party defendant as a party defendant. Six days later, the trial judge recused himself and the following day, March 25, 1977, the successor judge heard argument on the motion for leave to amend and, thereafter, on March 31, 1977, entered an order denying the motion. A motion for reconsideration of the motion to amend was filed by the plaintiff on April 14, 1977, and on April 27, 1977, the trial judge entered his order denying the motion. This appeal followed.
The March 31, 1977, order of the trial court reflects a finding that "... the Plaintiff has had ample opportunity to timely amend its Complaint to make any claims it may have against the Third Party Defendant and the Plaintiff has given no adequate explanation for its delay in doing so ..." Based on this delay, the trial court denied the plaintiff's motion for leave to amend.
Florida case law applies a test of prejudice to the defendant as the primary consideration in determining whether the plaintiff's motion to amend should be granted or denied. See Atlantic Coast Line Railroad Company v. Feagin, 93 Fla. 1015, 113 So. 89 (1927); Carroll v. Gore, 106 Fla. 582, 143 So. 633 (1932); and Penn Cork & Closures, Inc. v. Piggyback Shippers Assoc. of Florida, Inc., 281 So.2d 46 (Fla.3d DCA 1973). Under the Federal Rules of Civil Procedure, from which Florida patterned its Rules of Civil Procedure, the test also is that of prejudice to the defendant. See Deakyne v. Commissioners of Lewes, 416 F.2d 290 (3d Cir.1969).
In the Penn Cork & Closures, Inc., case, supra, at 47, this court stated:
* * * * * *
"The test of finding that point wherein the moving party has abused his privilege to amend is not a mere counting up of the number of chances that he has already been given. The test must go more to the substance of the error and the possible prejudice that might result to the non-moving party."
Our review of this appeal reveals that at most the appellee would suffer only slight, and certainly not substantial, prejudice as a result of the amended complaint. As the appellant points out, the issues and facts alleged in the amended complaint are the same ones the appellee would confront in defending against the third party complaint, and inasmuch as the defendants sought indemnity against the appellee, the latter was already defending the issues of *1152 ratification of contract, breach of contract and damages for breach as presented in the amended complaint. Finally, the appellee participated in all discovery and court proceedings in this cause and was familiar with the facts as well as the issues. Furthermore, we note that the intervening bankruptcy proceedings would not substantially prejudice the appellee under the amended complaint.[2]
There being no substantial prejudice to the appellee as a result of the amended complaint, and there being a policy under the Florida Rules of Civil Procedure of liberality in granting motions to amend complaints, we reverse the trial court's denial of the plaintiff's motion to amend its complaint and we remand the cause to the trial court to grant the plaintiff leave to amend its complaint in order to add the appellee as a named defendant.
Reversed and remanded.
NOTES
[1] "(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party and leave shall be given freely when justice so requires.

* * * * * *
"(e) Amendments Generally. At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading. At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties. [Emphasis Added]
[2] No question has been raised by the parties with regard to the running of any statute of limitations.